**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO D. MALLARI, | No. 09-56727 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-07684-DTB |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
David T. Bristow, Magistrate Judge, Presiding

Submitted May 3, 2011[**]
Pasadena, California

Before: SILVERMAN, TALLMAN, and CLIFTON, Circuit Judges.

Pedro Mallari appeals the district court's order affirming the denial of

supplemental security income benefits. We have jurisdiction under 28 U.S.C. § 1291

and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The ALJ provided clear and convincing reasons for not crediting Mallari's testimony concerning his symptoms. *See Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002) (listing factors ALJ may consider in weighing claimant's credibility). First, the ALJ noted that Mallari had made inconsistent statements regarding his allegedly disabling conditions. In his initial disability report, Mallari claimed disability due in part to incontinence, but he subsequently denied incontinence during his consultative examination. Second, the ALJ cited Mallari's inconsistent statements regarding his work history. Mallari stated in his disability report that he had not worked since December 1, 1998 due to disability, but his later statements and his earnings record showed that he continued to work in 1999 and 2000. Third, the ALJ noted that Mallari's treatment record was inconsistent with disabling pain. Mallari's conservative treatment program was a valid reason to discredit his testimony. *See Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007).

Even though substantial evidence does not support the ALJ's findings that Mallari testified inconsistently about his educational history and about his blood pressure and cholesterol, any error was harmless in light of the ALJ's other well-supported reasons for his credibility finding. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

AFFIRMED.